IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SANDRA GARNER**                                                                                 **PLAINTIFF**

V.                                                                                                                               **NO. 3:17-CV-220-DMB-JMV**

**SUNFLOWER COUNTY
CONSOLIDATED SCHOOL DISTRICT,**
**et al.**                                                                                                       **DEFENDANTS**

**ORDER DISMISSING CASE**

On February 15, 2018, Sandra Garner filed a motion seeking an extension of fourteen days to respond to the Report and Recommendation issued by United States Magistrate Judge Jane M. Virden on January 30, 2018.[1] Doc. #10. The Report and Recommendation recommends denying Garner's pro se motion for leave to proceed in forma pauperis and closing the case because "Garner has failed to show she is unable to prepay the filing fee for this action [and] even if she were able to demonstrate she is financially unable to pay the filing fee, her amended complaint fails to state a claim over which this court has jurisdiction." Doc. #8 at 7. Regarding jurisdiction, the Report and Recommendation concludes that Garner failed to sufficiently allege her Title VII claim and failed to exhaust administrative remedies on her age discrimination claim. *Id.* at 5, 7. On February 26, 2018, this Court, finding Garner failed to demonstrate good cause for the extension due to her failure to offer any reason for it,[2] denied her motion for extension without prejudice to its renewal no later than March 5, 2018. Doc. #11.

On March 5, 2018, Garner filed a "Request for Extension of Time." Doc. #12. In the

---

[1] Any objections to the Report and Recommendation were due within fourteen days of its issuance. Doc. #8 at 8.

[2] As mentioned in the Court's order, Federal Rule of Civil Procedure 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … if a request is made, before the original time or its extension expires …."

motion, Garner renews her request for an extension to respond to the Report and Recommendation, stating:

> Plaintiff in her amended complaint stated the claim of Age Discrimination based on the facts surrounding the first EEOC charge noted in the complaint found gained that knowledge in October, did not know it was a claim, sent EEOC the information and the EEOC never got back with me. So plaintiff went there and filed the claim in person, as of last week the Superintendent has terminated my employment and Plaintiff will be amending to relate back to the original claims after satisfying administrative remedy, and the pending right to sue on the claims under title VII civil rights act of 1964. Or an alternative Plaintiff withdraw the complaint until the EEOC has investigated the claims and given is findings.

*Id.* at 1–2. Based on this, it appears Garner (1) requests an extension to respond to the Report and Recommendation until after she has amended her complaint following the exhaustion of administrative remedies on her age discrimination claim, and (2) alternatively, moves to dismiss this case without prejudice so that she may exhaust such administrative remedies with the EEOC.

However, nowhere in the motion does Garner request an extension to challenge the Report and Recommendation's conclusion that she "has failed to show she is unable to prepay the filing fee for this action." Accordingly, even if Garner is subsequently able to demonstrate this Court's jurisdiction, such would not justify her proceeding in forma pauperis in this case. For this reason, Garner has again not shown good cause for an extension to respond to the Report and Recommendation, and her extension request will be denied.

Regarding Garner's alternative request to dismiss this case without prejudice, Federal Rule of Civil Procedure 41(a)(2) provides, in pertinent part, that "an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper," and that such a dismissal is, unless the order states otherwise, without prejudice. The Fifth Circuit has instructed "that, as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second

lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002); *see Test Masters Educ. Servs., Inc. v. Robin Singh Educ. Servs., Inc.*, 799 F.3d 437, 448 (5th Cir. 2015). Whether to grant dismissal under Rule 41(a)(2) falls within the discretion of the district court. *Pondexter v. Wal-Mart Stores E., LP*, No. 3:16-CV-65, 2017 WL 1393093, at *1 (N.D. Miss. Apr. 17, 2017) (citing *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003)).

To determine the existence of plain legal prejudice, the Fifth Circuit has cited with approval a four-factor test from the Eighth Circuit under which a court considers: "(1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant." *Elbaor*, 279 F.3d at 318 n.3 (quoting *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998)). In addition to these factors, the Fifth Circuit has considered whether dismissal would cause the non-movant to be stripped of an otherwise available defense, *Phillips v. Ill. Cent. R.R.*, 874 F.2d 984, 987 (5th Cir. 1989); and whether the dismissal is sought "after an adverse trial court ruling," *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990).

Because the docket reflects that none of the defendants named in Garner's amended complaint (or original complaint) have been served, it follows that the named defendants have expended no effort and expense to prepare for trial and have not moved for summary judgment. Similarly, dismissal would not strip the not-yet-served named defendants of an otherwise available defense. Further, given the early stage of this litigation, there is no suggestion of excessive delay or lack of diligence on Garner's part. Finally, Garner does not seek dismissal in the wake of an adverse trial court ruling;[3] rather, Garner has explained that she seeks dismissal to exhaust her

---

[3] There have been no rulings on the merits of Garner's claims. The denial of Garner's prior motion for an extension

administrative remedies before the EEOC on her age discrimination claim.[4] Because the relevant factors to determine the existence of plain legal prejudice weigh in Garner's favor, her case may be voluntarily dismissed without prejudice.

Accordingly, Garner's renewed motion [12] is **DENIED in Part and GRANTED in Part**. The motion is DENIED to the extent it seeks an extension of the deadline to respond to the Report and Recommendation, and is GRANTED to the extent it seeks to dismiss this case without prejudice. This case is **DISMISSED without prejudice**, and the January 30, 2018, Report and Recommendation [8] is **REJECTED as moot**.

**SO ORDERED**, this 16th day of April, 2018.

/s/**Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

is the extent to which this Court has issued an adverse ruling against her.

[4] Exhausting administrative remedies with the EEOC is a condition precedent for filing suit under the Age Discrimination in Employment Act. *Stith v. Perot Sys. Corp.*, 122 Fed App'x 115, 118 (5th Cir. 1995).